WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| David Deichmiller, | No. CV-14-00290-PHX-GMS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Deutsche Bank National Trust Company, Ocwen Loan Servicing LLC, Northwest Trustee Services Incorporated, | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion to Remand (Doc. 12) and Request for Summary Disposition of Plaintiff's Motion to Remand (Doc. 20). For the following reasons, the Request for Summary Disposition is denied and the Motion to Remand is granted.[1]

**BACKGROUND**

Plaintiff David Deichmiller filed this action in Arizona state court on January 30, 2014. (Doc. 1-1.) The complaint asserts various causes of action against the Defendants in relation to Deichmiller's home and mortgage. (*Id.*) On February 6, Deichmiller filed affidavits of service, stating that he had served all three defendants on January 31. (*Id.*)

On February 13, 2013, Defendants Deutsche Bank National Trust Company

---

[1] The requests for oral argument are denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

("Deutsche Bank") and Ocwen Loan Servicing LLC ("Ocwen") filed for removal in this Court asserting jurisdiction based on Federal Question and Diversity Jurisdiction. (Doc. 1.) Defendant Northwest Trustee Services Incorporated ("Northwest Trustee") did not join in that filing and the filing makes no avowal or reference to Northwest Trustee's position in relation to the motion. (*See id.*) On February 27, counsel for Northwest Trustee entered an appearance in this case. (Doc. 10.)

On March 17, Deichmiller filed motions seeking remand based on several reasons. (Docs. 12–13.) Procedurally, Deichmiller argues that all of the Defendants did not consent to the removal in a timely manner and the filing of the Notice of Removal failed to comply with Local Rule 3.6. (*Id.*) Substantively, Deichmiller argues that there is no federal question jurisdiction because state law predominates and there is no diversity jurisdiction because the amount in controversy requirement is not met. (*Id.*) On April 7, Northwest Trustee filed a motion consenting to and joining the Notice of Removal filed by the other defendants. (Doc. 16.)

**DISCUSSION**

**I. Summary Disposition**

Deichmiller moves for summary disposition based on Defendants' untimely response to the Motion to Remand. Under the Local Rules of this Court, responsive memorandum should be served within fourteen days. LRCiv 7.2(c). Failure to do so "*may* be deemed a consent to the denial or granting of the motion and the Court *may* dispose of the motion summarily." LRCiv 7.2(i) (emphasis added). Deichmiller asks that the rule be applied in this case because Defendant's Response was four days late.

Here, the Defendants did request an extension from Deichmiller even if that request came one day after the deadline. Although Defendants failed to file their responsive motion within the deadline, half of the four days that they were late were weekend days. The Court accepts the delayed response and will not dispose of the matter summarily or treat the delay as a consent in this case.

## II. Timely Consent to Removal

In the Ninth Circuit, the removal statute is strictly construed and a court must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) When seeking removal, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). However, nominal parties need not join in the removal petition. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). A defendant must file the notice of removal within "30 days after receipt by or service on that defendant of the initial pleading or summons." 28 U.S.C. § 1446(b)(2)(B).

Here, only two of the three defendants joined in the Notice of Removal. The Notice did not indicate whether Northwest Trustee had consented to removal. Northwest Trustee was served on January 31 and did not file a motion indicating that it wished to join in the removal until April 7, over two months after service. Accordingly, all "properly joined and served" defendants did not file a notice of removal within 30 days. There is no argument that Northwest Trustee is a nominal party that did not need to consent.

Defendants argue against remand, but the cases they cite all support the conclusion that this case should be remanded back to state court. Defendants note that one district court found that it was only a technical defect where the notice of removal only averred the consent of a non-moving defendants. *City of Univ. City, Missouri v. AT & T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 930 (E.D. Mo. 2002). Here, there was no such averment, and the court in that case held that "[i]f there was no averment by counsel that all parties consented to the removal, then remand would be appropriate." *Id.* Another court cited by Defendants held that "the defendant seeking removal must explain the absence of the co-defendants in the notice of removal, and the failure to set out such an explanation renders the notice facially defective." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1060 (S.D. Ill. 2006). Here, there was no explanation and the notice is facially defective under the reasoning in *Yount*.

The final case cited by defendants also supports remand. It held that

> [w]hile courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion. *See, e.g.*, *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) ("To 'join' a motion means to support it in writing") (citations omitted); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262, n.11 (5th Cir. 1988) ("This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant . . . that it actually consented to such action").

*Michaels v. State of N.J.*, 955 F. Supp. 315, 321 (D.N.J. 1996) (citation expanded). The only written filing by Northwest Trustee within the thirty days was a notice of appearance. That filing does not indicate or imply support of the notice of removal. Northwest Trustee did not provide unambiguous written evidence of consent in a filed writing until April 6, and that notice was untimely.

The removal statute is strictly construed and Defendants failed to meet its requirements or provide support for their position that their failure should be ignored.

**IT IS HEREBY ORDERED** that the Motion to Remand (Doc. 12) is **GRANTED**. The Clerk of Court is directed to remand this matter to Maricopa County Superior Court and terminate this action.

**IT IS FURTHER ORDERED** that the Request for Summary Disposition of Plaintiff's Motion to Remand (Doc. 20) is **DENIED**.

Dated this 23th day of July, 2014.

/s/ A. Murray Snow
_____
G. Murray Snow
United States District Judge

- 4 -